UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARRELL H.,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C21-0228-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff appeals denial of his application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1966, has a high school education, and has worked as a lubrication technician. AR 875. Plaintiff was last gainfully employed in 2014. AR 37.

Plaintiff applied for benefits in May 2015, and alleges disability as of October 1, 2014. AR 862. Plaintiff's applications were denied initially, on reconsideration, and in a 2018 ALJ decision. AR 15-23, 862. The Appeals Council denied Plaintiff's request for review. AR 1-3. Plaintiff appealed to this Court, which reversed the Commissioner's decision and remanded for

reconsideration of Plaintiff's amended alleged onset date and five medical opinions.  AR 956-73.
On remand, after conducting a hearing in November 2020, the ALJ issued a decision finding
Plaintiff disabled beginning May 1, 2020.  AR 862-78.

## THE ALJ'S DECISION

Using the five-step disability evaluation process,[1] the ALJ found, prior to May 1, 2020:

**Step one**: Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two**: Plaintiff had the following severe impairments: degenerative joint disease of the left shoulder and right thumb, carpal tunnel syndrome of the left hand, and degenerative disc disease of the cervical spine and thoracic spine.

**Step three**: These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff could perform unskilled, repetitive, routine work at the light exertional level, lifting or carrying ten pounds, handling and fingering occasionally with the dominant right upper extremity and frequently with the left, and reaching occasionally with the right and occasionally up to shoulder level with the left. He could occasionally stoop and could not crouch, crawl, kneel, or climb.

**Step four**: Plaintiff could not perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed, he was not disabled.

AR 862-78.  Plaintiff appealed this final decision of the Commissioner to this Court.  Dkt. 5.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

"inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## DISCUSSION

Plaintiff argues the ALJ erred by discounting four medical sources' opinions and by inferring a disability onset date without consulting a medical expert.  Plaintiff also argues newly submitted vocational evidence appended to his opening brief deprives the ALJ's decision of substantial evidentiary support.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.  In his reply brief, Plaintiff raises two new issues.  Plaintiff argues "neither the ALJ nor the Appeals Council had the authority to hear Plaintiff's claim" because statutory provisions regarding removal of the Commissioner were unconstitutional.  Dkt. 17 at 1.  Plaintiff also argues the ALJ erroneously labeled his RFC as light instead of sedentary.

A. **The ALJ Did Not Err in Evaluating the Medical Opinion Evidence**

A treating physician's opinion is generally entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.*

1. **Treating Physician Mark Peterson, M.D.**

Plaintiff contends the ALJ erred by discounting Dr. Peterson's opined right hand and left shoulder limitations. In October 2014, Dr. Peterson filled out a Physical Functional Evaluation form, opining Plaintiff was "unable to use right hand for any type of grasping activities" and "unable to lift left arm beyond about 20 degrees below shoulder height." AR 467. Because the opined hand and shoulder limitations made Plaintiff unable to lift, carry, handle, push, pull, or reach, he opined Plaintiff was limited to sedentary work. AR 467-68.

The ALJ gave Dr. Peterson's opinions "little weight" because they were inconsistent with the medical evidence and Plaintiff's activities. AR 871. These reasons were specific, legitimate, and supported by substantial evidence. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (inconsistency with objective medical evidence is a specific and legitimate reason to reject a medical opinion); *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("conflict with [claimant's] daily activities … may justify rejecting a treating provider's opinion"). An August 2016 treatment note stated Plaintiff's left shoulder had "active forward elevation to 100º." AR 506. This indicates he could lift his arm about 10 degrees above shoulder height, thus

contradicting Dr. Peterson's opinion on shoulder limitations.  The ALJ found Plaintiff's reported ability to prepare meals "would require gripping and grasping of pots, pans, containers, and utensils" while his reported ability to drive "requires an ability to grasp the steering [wheel] and manipulate the gear selector with his right hand."  AR 871.  These activities contradicted Dr. Peterson's opinion Plaintiff could not grasp with his right hand.

The Court concludes the ALJ did not err by discounting Dr. Peterson's opined hand and shoulder limitations.

### 2.  Treating Orthopedic Surgeon Ada Cheung, M.D.

Plaintiff contends the ALJ erred by rejecting Dr. Cheung's shoulder limitations.  In April 2016, Dr. Cheung opined Plaintiff's left shoulder severe degenerative joint disease limited him to lifting or carrying 10 pounds occasionally and no reaching with his left hand.  AR 490-91.  The ALJ rejected the reaching limitation.  AR 872.

In August 2016, Dr. Cheung opined Plaintiff's left shoulder "traumatic arthropathy" made him unable to lift, carry, push, pull, or reach and thus he was unable to perform even sedentary work.  AR 470-71.  The ALJ rejected these limitations.  AR 872.

The ALJ permissibly rejected Dr. Cheung's reaching limitations as contradicted by her own examination findings showed Plaintiff's left shoulder had active forward elevation to 100 degrees.  AR 872 (citing AR 506).  Incongruity between a treating physician's opinions and her own medical records is a "specific and legitimate reason for rejecting" the opinions.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  Conflict with Plaintiff's activities, including shopping and preparing meals, was another specific and legitimate reason to reject a prohibition on reaching.  *Ghanim*, 763 F.3d at 1162.  Plaintiff contends nothing in the record shows Plaintiff could engage in these activities 40 hours a week.  However, the fact that the activities

contradicted Dr. Cheung's opinion Plaintiff was wholly unable to reach was sufficient reason to discount the opinion.

The ALJ permissibly rejected Dr. Cheung's August 2016 opinions because they conflicted with her April 2016 opinions that Plaintiff could lift and carry 10 pounds. AR 872. Plaintiff argues the ALJ "should have contacted this treating source to resolve any perceived inconsistencies." Dkt. 15 at 11. However, an "ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001). Where, as here, the ALJ had "years of … health records and multiple [medical] opinions … to inform her decision, this duty was not triggered." *Ford*, 950 F.3d at 1156.

The Court concludes the ALJ did not err by discounting Dr. Cheung's opinions.

**3.     Treating Specialist Jessica Price, M.D.**

In November 2020, Dr. Price filled out a Residual Functional Capacity Report form, opining, among other limitations, that Plaintiff could stand and/or walk three hours per day, would miss two days of work per month, and should not stoop. AR 2212, 2215, 2216.

The ALJ rejected the standing and walking limitations because Plaintiff had no medically determinable impairment affecting standing and walking, his gait was consistently normal, and Plaintiff testified he could walk a mile or two at a time. AR 874. These were specific, legitimate reasons supported by substantial evidence. *See* 20 C.F.R. § 416.945(a)(2) (only "medically determinable impairments" are considered in formulating the RFC); *Ford*, 950 F.3d at 1156 (inconsistency with medical evidence is a valid reason to reject a medical opinion); *Ghanim*, 763 F.3d at 1162 (conflict with claimant's activities is a valid reason to reject a medical opinion).

The ALJ also permissibly rejected Dr. Price's opinion about missing work because it was unsupported and unexplained. An ALJ need not accept a medical opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Plaintiff identifies no clinical findings supporting Dr. Price's opinion.

The ALJ did not expressly reject Dr. Price's stooping limitation, but only limited Plaintiff to occasional stooping in the RFC. AR 867. Failure to either incorporate the limitation or provide reasons to reject it was error. *See Garrison*, 759 F.3d at 1012 ("Where an ALJ does not explicitly reject a medical opinion …, he errs."). The Commissioner contends the error is harmless because one of the jobs the ALJ relied on at step five, dealer accounts investigator, does not require stooping. *See* Dictionary of Occupational Titles § 241.367-038, Investigator, Dealer Accounts, 1991 WL 672258 (1991) ("Stooping: Not Present"). The Court agrees. The vocational expert (VE) testified there were "greater than 25,000" such jobs in the national economy. AR 912. The Ninth Circuit has held that "25,000 national jobs … represents a significant number of jobs in" the national economy. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014).

The Court concludes the ALJ did not harmfully err by discounting Dr. Price's opinions on standing/walking, absenteeism, and stooping.

    **4.**     **State Agency Nonexamining Physician James Irwin, M.D.**

In January 2016, Dr. Irwin reviewed Plaintiff's record and opined he could perform light work, avoiding concentrated exposure to extreme cold, vibration, and hazards. AR 92-94. Plaintiff contends the ALJ erred by accepting Dr. Irwin's light work limitation and erred by rejecting his environmental limitations.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

Plaintiff argues the ALJ erred in accepting Dr. Irwin's opinion on light work because "Dr. Irwin did not have the opportunity to review Dr. Cheung's or Dr. Price's opinions, which were given after his review." Dkt. 15 at 14. However, an ALJ must consider all medical opinions, whether or not the source reviewed the entire record. *See* 20 C.F.R. § 416.927(b). Failure to review the complete record is not, by itself, a reason to discount an opinion. Plaintiff fails to explain how reviewing Dr. Cheung's or Dr. Price's opinions would have changed Dr. Irwin's opinions.

Plaintiff also argues the opinion of a nonexamining physician like Dr. Irwin cannot be considered substantial evidence supporting rejection of the opinion of a treating or examining physician. However, as discussed above, the ALJ permissibly rejected the treating and examining doctors' opinions for specific and legitimate reasons, not based on mere conflict with Dr. Irwin's opinions.

An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)). The ALJ did "not find any evidence or explanation to support Dr. Irwin's environmental limitations[.]" AR 872. Plaintiff argues this reason "lacks any reference to specific evidence in the medical record." Dkt. 15 at 14. On the contrary, the lack of evidence anywhere in the record is sufficiently specific. An ALJ need not accept a conclusory medical opinion unsupported by clinical findings. *Thomas*, 278 F.3d at 957.

The Court concludes the ALJ did not err in assessing Dr. Irwin's opinions.

**B.     The ALJ Did Not Err in Determining Plaintiff's Disability Onset Date**

The parties agree that the decision to consult a medical expert to establish onset date is "always at the ALJ's discretion." SSR 18-1p, 2018 WL 4945639 at *6 (2018). Plaintiff

contends the ALJ failed to comply with the requirement that the onset date "must be supported by the medical and other evidence[.]" *Id*. at *5.

The ALJ found Plaintiff became disabled in May 2020 because he went from being able to lift/carry ten pounds to only five pounds. AR 867, 873. The ALJ based this finding on (1) an August 2020 cervical spine MRI, "infer[ring] the findings revealed by this MRI existed at the same level of severity a few months previously," (2) treatment records showing "worsening of the claimant's neck and left shoulder pain in mid-2020," and (3) Dr. Price's November 2020 opinion. AR 874.

The ALJ gave "significant weight" to Dr. Price's opined lifting, carrying, and manipulative limitations, but no weight to her "suggestion that the claimant's symptoms have existed since 2014 or 2015." AR 874. Dr. Price began treating Plaintiff in 2018. AR 2210. When asked for "the earliest date that the symptoms and limitations in this evaluation best apply," Dr. Price wrote "hand limits – 2014, shoulder/neck – 2015 (those are when surgeries occurred)[.]" AR 2216. The ALJ reasonably found this response "somewhat equivocal," because it simply noted the dates of surgery, and thus rejected 2014 or 2015 as an onset date. AR 874. Plaintiff argues the ALJ erred because Dr. Price's opinions were similar to Dr. Peterson's October 2014 and Dr. Cheung's April 2016 opinions limiting him to sedentary work. However, as discussed above, the ALJ permissibly discounted both of those opinions.

Plaintiff contends that, due to the progressive nature of his impairments, the ALJ harmfully erred by failing to consult a medical expert, citing *Emilio U. v. Saul*. Dkt. 15 at 7 (citing 2020 WL 7010226 (E.D. Wash. Oct. 14, 2020)). In that case, however, the ALJ's established onset date did "not align with any specific objective evidence" but was based instead

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

on the claimant's application date.  2020 WL 7010226 at *5.  Here, the ALJ relied on specific objective evidence of imaging results and treatment notes, in addition to a medical opinion.

Plaintiff identifies evidence from 2015 to 2020 of symptoms such as pain and numbness and imaging results showing abnormalities such as degenerative disc disease.  Dkt. 15 at 5.  There is no dispute that Plaintiff had severe impairments and significant symptoms before May 2020.  However, Plaintiff fails to show the ALJ erred in assessing any of the evidence he lists.  Plaintiff contends the August 2020 "MRI was evidence of a slowly progressive disease[.]"  That was precisely why the ALJ determined the onset date was a few months earlier.  Plaintiff notes he was involved in motor vehicle accidents in 2000 and in July 2017, but fails to offer any explanation of how either of these events relates to an onset date.  Dkt. 17 at 2.

The Court concludes Plaintiff has not shown the ALJ erred in establishing his onset date.

**C.     The ALJ Did Not Err by Declining to Consider New Vocational Evidence**

At step five, the ALJ relied on the testimony of properly qualified VE Gary Jesky.  AR 876.  "A VE's recognized expertise provides the necessary foundation for his or her testimony.  Thus, no additional foundation is required."  *Bayliss*, 427 F.3d at 1218.  Mr. Jesky testified a person with Plaintiff's RFC could perform work available in significant numbers in the national economy, including work as a furniture rental clerk, dealer accounts investigator, and usher.  AR 912.

At the hearing held on Tuesday, November 10, 2020, the ALJ held the record open until "Friday, November 13, close of business for the submission of additional evidence to rebut the VE's testimony."  AR 923.  Plaintiff attaches to his opening brief interrogatories answered by VE Anne Jones, dated November 13, 2020, and an email from Plaintiff's hearing attorney providing a proof of submission code and indicating the interrogatories were submitted to the

ALJ on Monday, November 16, 2020.  Dkt. 15-1.  The ALJ "decline[d] to admit [the interrogatories] submitted by the claimant's attorney on November 17, 2020,"[3] because they were "not filed in a timely manner [and] the claimant's attorney has not provided any information to explain its delay in accordance with the criteria set forth in 20 CFR 416.1435(b)[.]"  AR 863.

Plaintiff contends the ALJ erred by declining to admit the evidence, and the error is harmful because there is a reasonable possibility Ms. Jones' interrogatory answers, which conflicted with Mr. Jesky's testimony in several respects, would have changed the outcome of the case if the ALJ had considered them.  Dkt. 15 at 17.  The Commissioner contends the ALJ did not err by declining to consider this information, and any error would be harmless because Ms. Jones' differing opinion does not deprive the ALJ's decision of substantial evidence.  Dkt. 16 at 9-11.

According to the regulations, it is within the ALJ's discretion whether to admit late-submitted evidence.  20 C.F.R. § 416.1435(a) ("If you do not comply with [the deadline], the administrative law judge may decline to consider … the evidence").  However, the ALJ "will accept the evidence" if an exception applies, such as that an "unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control" prevented timely submission.  *Id.* at (b)(3).  Examples of such circumstances include when the claimant "actively and diligently sought evidence from a source and the evidence was not [timely] received[.]"  *Id.* at (b)(3)(iv).[4]

---

[3] The Court need not determine whether the interrogatories were received November 16th or 17th, as there is no dispute the submission was untimely.

[4] The other exceptions are as follows:

    (1) Our action misled you;
    (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11

Here, however, Plaintiff asserts the evidence was timely received on November 13, 2020. He offers no explanation why he did not submit it until November 16. Dkt. 15 at 16. Substantial evidence supports the ALJ's finding that no exception applied. Because Plaintiff fails to establish that any exception applied, it was within the ALJ's discretion to decline to accept the evidence.

Mr. Jesky's expert testimony constituted substantial evidence supporting the ALJ's step five finding. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) ("The expert's opinion that an individual with Terry's restrictions could work as an order filler, packager, and laundry worker was supported by her unchallenged expertise and her reference to the Dictionary of Occupational Titles. This constituted substantial evidence in support of the ALJ's finding that Terry could perform jobs existing in significant numbers in the national economy.").

The Court concludes the ALJ did not err in assessing the vocational evidence.

**D.     Issues Raised for the First Time on Reply**

For the first time in his reply brief, Plaintiff raises two new issues. "[A]rguments not raised by a party in an opening brief are waived." *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009).

Plaintiff asserts his constitutional claim "cannot be waived, given that Defendant has an opportunity to respond." Dkt. 17 at 8. On the contrary, the Commissioner has had no

---

(3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
   (i)   You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
   (ii)   There was a death or serious illness in your immediate family; [or]
   (iii)   Important records were destroyed or damaged by fire or other accidental cause[.]

20 C.F.R. § 416.1435(b). Plaintiff does not contend any of these exceptions apply.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 12

opportunity to respond.  Plaintiff argues "there is no issue exhaustion at the agency level."  Dkt. 17 at 8.  Administrative exhaustion is not the issue here.  Plaintiff fails to identify any exception to the waiver rule that would apply to his claim in federal court.  Accordingly, the Court declines to address Plaintiff's claim.

Regarding Plaintiff's claim the ALJ erroneously labeled his RFC as light instead of sedentary, Plaintiff fails to even address the issue of waiver.  The Court "will not consider any claims that were not actually argued in appellant's opening brief."  *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003).

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 30th day of August, 2021.

S. KATE VAUGHAN
United States Magistrate Judge