UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRELL HESTER,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. C21-0228-SKV<br><br>ORDER |

      This matter is before the Court on Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 23. The Commissioner opposes the motion. Dkt. 24. For the reasons explained herein, the Court DENIES Plaintiff's motion.

      The Court may reconsider and amend a judgment pursuant to Rule 59(e). However, this rule "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id*. (quoting *389 Orange*

ORDER - 1

*St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  *See also Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (reconsideration may also be granted where "necessary to 'prevent manifest injustice[]'") (quoted source omitted).  "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890 (emphasis in original; citing *389 Orange Street Partners*, 179 F.3d at 665).

In his Rule 59(e) motion, Plaintiff argues the Court committed clear error by "finding Plaintiff waived the *Seila Law* issue" because he raised it for the first time in his reply brief. Dkt. 23 at 3 (citing *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S.Ct. 2183 (2020)).  In his reply brief, Plaintiff argued his constitutional argument "cannot be waived, given that Defendant has an opportunity to respond." Dkt. 17 at 8.  The Court rejected this argument because, in fact, the Commissioner did not have an opportunity to respond, since Plaintiff raised the argument for the first time in his reply brief.  Dkt. 21 at 13.

Plaintiff argues that the Court "erred in finding that Defendant had not had an opportunity to respond" because the Court "could have offered" a surreply or supplemental briefing.  Dkt. 23 at 2.  Neither party requested a surreply or supplemental briefing.  Plaintiff offers no authority for the proposition that the Court committed clear error by failing to *sua sponte* request further briefing.  And in his reply brief, Plaintiff did not identify *any other* exception to the waiver rule. The Court considered all arguments Plaintiff raised.

Plaintiff argues the cases the Court relied on in finding waiver were distinguishable because they "concerned issues of mixed fact and law" while his constitutional argument "is a pure question of law[.]" Dkt. 23 at 3-4.  Even assuming his argument involved no factual question, the waiver rule remains applicable.  Plaintiff's reply brief offered *no reason* why he

ORDER - 2

met an exception to the waiver rule, aside from the factually inaccurate reason that the Commissioner had had an opportunity to respond. Plaintiff did not argue in his reply brief that there is an exception to the waiver rule for a pure question of law. Even in his motion for reconsideration, Plaintiff offers no authority for that proposition. Plaintiff cites *Maxwell v. Saul*, but in that case the Ninth Circuit only rejected the Commissioner's argument that a claimant waived an issue on appeal by failing to raise it in administrative proceedings below. 971 F.3d 1128, 1130 (9th Cir. 2020). Similarly, in *Silveira v. Apfel*, an issue was raised for the first time on appeal, not for the first time in a reply brief. 204 F.3d 1257, 1260 n. 8. Plaintiff fails to establish the Court committed clear error by finding waiver of the constitutional issue.

On a motion to reconsider, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703, 207 L. Ed. 2d 58 (2020). In his Rule 59(e) motion, Plaintiff relies on *Varney*, where the Ninth Circuit considered an issue first raised in a petition for rehearing based on "an exception … for cases involving extraordinary circumstances." *Varney v. Sec'y of Health & Human Svcs*, 859 F.2d 1396, 1397-98 (9th Cir. 1988). In that case, the Ninth Circuit had "no wish to further delay the payment of deserved and much-needed benefits[.]" *Id.* at 1398. Here, however, Plaintiff has not established an entitlement to benefits; on the contrary, the Court concluded he failed to show the ALJ erred in denying benefits. Dkt. 21. Moreover, in *Varney*, the court found "no indication that the petitioner's failure to raise this issue initially was willful." 859 F.2d at 1398. Here, in contrast, Plaintiff's argument was based on *Seila Law*, a case that was decided in 2020. *Collins*, which he cited for further support, was decided on June 23, 2021. Dkt. 17 at 6 (citing *Collins v. Yellen*, 141 S.Ct. 1761 (2021)). There is no reason Plaintiff could not have raised his constitutional argument in his opening brief, which was filed on July 6, 2021.

ORDER - 3

| | |
|---|---|
| 1 | Plaintiff contends he "raised the constitutional issue for the first time in the Reply |
| 2 | because significant events transpired affecting the case after Plaintiff filed the Opening Brief." |
| 3 | Dkt. 23 at 5.  Specifically, on July 8, 2021, the Office of Legal Counsel issued a legal opinion |
| 4 | that the statutory removal provisions were unconstitutional and, on July 9, President Biden |
| 5 | removed Andrew Saul as Commissioner.  *Id*.  However, neither of these events altered the |
| 6 | constitutional issue.  The OLC's legal opinion is not binding precedent for this Court.  And the |
| 7 | ALJ issued a decision in Plaintiff's case in December 2020, before President Biden had even |
| 8 | taken office.  Plaintiff suggests there are "questions" as to whether former President Trump, who |
| 9 | appointed Mr. Saul, "would have terminated Commissioner Saul earlier" if he "had known" the |
| 10 | removal provisions were unconstitutional.  Dkt. 25 at 2-3.  This rank speculation, based on |
| 11 | nothing more than Plaintiff's counsel's musings, is insufficient to establish entitlement to such an |
| 12 | extraordinary remedy as Rule 59(e) relief. |
| 13 | The Court also notes that the events Plaintiff cites occurred within three days after he |
| 14 | filed his opening brief, well before the Commissioner's response brief was due.  *See* Dkt. 14. |
| 15 | Plaintiff's failure to raise the issue in a timely manner undermines the supposed significance of |
| 16 | the events on which his Rule 59(e) motion relies.  Plaintiff fails to establish that any clear error |
| 17 | by the Court, rather than his own actions, removed the constitutional issue from consideration. |
| 18 | For all of these reasons, the Court finds that Plaintiff has not shown he is entitled to relief |
| 19 | under Rule 59(e) and his motion (Dkt. 23) is therefore DENIED. |
| 20 | Dated this 30th day of September, 2021. |

S. KATE VAUGHAN
United States Magistrate Judge